IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40637
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO MONTIEL, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-96-CR-353-22
_____

November 10, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Roberto Montiel, Jr., appeals his convictions for aiding and abetting the possession with the intent to distribute marijuana and for conspiracy to possess with the intent to distribute marijuana. Montiel first notes that a copy of the indictment was not contained in the original appellate record and argues, without elaboration, that "[d]ue process is tied to a meaningful appeal[.]" Because he has provided no legal argument in support of his bare assertion of error, Montiel's argument concerning the missing indictment is

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

DEEMED ABANDONED on appeal.  See United States v. Tomblin, 46 F.3d 1369, 1376 n.1 (5th Cir. 1995).

Montiel also argues that because the government did not prove that he knew any of the members of the conspiracy that were named in the indictment, the evidence was insufficient to support his conviction for conspiracy.  He concedes, however, that he arranged with an unknown individual to receive the marijuana and agreed to deliver the marijuana to a specific destination in exchange for $7,000.  Because Montiel did not renew his motion for a judgment of acquittal at the close of the government's case, review of his argument is limited to whether the conviction resulted in a manifest miscarriage of justice.  See United States v. Thomas, 12 F.3d 1350, 1358-59 & n.5 (5th Cir. 1994).

To support a conviction for conspiracy, a defendant need not know the details of the unlawful enterprise or know the number or identity of the co-conspirators so long as he knowingly participates in some fashion in the larger objections of the conspiracy.  United States v. Westbrook, 119 F.3d 1176, 1189 (5th Cir. 1997), cert. denied, 118 S.Ct. 1059-60 (1998).  We perceive no manifest miscarriage of justice in Montiel's conspiracy conviction.

Montiel also argues that the district court should not have denied his request that the jury be instructed regarding withdrawal from the conspiracy.  We review the district court's refusal to include a requested jury instruction for an abuse of discretion. United States v. Pettigrew, 77 F.3d 1500, 1510 (5th Cir. 1996).

A defendant is not entitled to a withdrawal instruction unless he sufficiently raises the defense of withdrawal from a criminal conspiracy at trial. Id. at 1514. To establish such a defense, the defendant must prove "affirmative acts inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach co-conspirators." Id. (internal quotation and citation omitted). Because Montiel did not sufficiently raise the defense of withdrawal at trial, the district court did not abuse its discretion by denying a jury instruction on the issue. See Pettigrew, 77 F.3d at 1510.

A F F I R M E D.